IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. BELCASTRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 1:17-cv-01682 |
| v. | ) |
| | ) |
| UNITED AIRLINES, INC., a Delaware corporation, and JAMES SIMONS, | ) |
| | ) |
| | ) Judge: Honorable Andrea R. Wood |
| | ) Magistrate Judge: Honorable Michael T. Mason |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

The parties submit this Joint Initial Status Report pursuant to the Court's Minute Order dated May 16, 2017 [Dkt. #12].

1. **Nature of the Case**.

    A. Attorneys of Record:

    | Plaintiff | Defendants |
    |---|---|
    | Margherita M. Albarello, Esq. | Jody A. Boquist, Esq. |
    | Lead Trial Attorney | O. Hanna Badmus, Esq. |
    | Jordan A. Finfer, Esq. | Littler Mendelson, P.C. |
    | Di Monte & Lizak, LLC | 321 N. Clark Street |
    | 216 W. Higgins Road | Suite 1000 |
    | Park Ridge, IL 60068 | Chicago, IL 60654 |
    | 847-698-9600 | 312-372-5520 |

    B. Parties not yet served: None.

    C. Basis for federal jurisdiction: The Court has jurisdiction over this case pursuant to federal question jurisdiction, 28 U.S.C. §1331. The Court has supplemental jurisdiction over the state law claims through 28 U.S.C. §1367 because these claims are so related to Belcastro's original jurisdiction claims that they form part of the same case or controversy under Article III of the United States Constitution.

D. <u>Nature of Claims</u>:  This is a five-count complaint. Count I is for alleged reverse race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").  Count II is for alleged wrongful discharge in violation of the Railway Labor Act, 45 U.S.C. §151 *et seq.*; Count III is for an alleged violation of the Illinois Personnel Record Review Act, 820 ILCS 40/1 *et seq.*; Count IV is for alleged defamation; Count V is for alleged tortious interference with employment.  Defendants deny Plaintiff's allegations.

E. <u>Relief Sought</u>:  (1)  reinstatement; (2) full back pay and other employment benefits; (3) full back pay and other employment benefits; (4) actual damages; (5) compensatory damages; (6) punitive damages; (7) expenses of litigation, including reasonable attorneys' fees, expert fees, and costs. Defendants deny that Plaintiff is entitled to any relief whatsoever.

F. <u>Major Legal and Factual Issues</u>.

i. Whether or not United forced Belcastro to resign because he is White, in violation of Title VII;

ii. Whether or not United forced Belcastro to resign because he engaged in protected union activities, in violation of the Railway Labor Act;

iii. Whether or not United's alleged publication Belcastro's separation from employment as a "termination" violated the Illinois Personnel Record Review Act ("PRRA").

iv. Whether or not Defendants defamed Belcastro by allegedly publishing that he was terminated to third parties.

v. Whether or not Simons wrongfully interfered with Belcastro's reasonable expectation of continued employment with United and wrongfully prevented his employment from ripening into continued employment.

2

vi. Whether or not the venue of this matter should be transferred to the Eastern District of Virginia.

vii. Whether or not Plaintiff's wrongful discharge and tortious interference claims are preempted by the Railway Labor Act ("RLA").

viii. Whether or not Plaintiff has sufficiently plead his defamation claim.

ix. Whether or not the Illinois Personnel Record Review Act ("PRRA") can be applied extra-territorially.

x. Whether or not Plaintiff exhausted his administrative remedies concerning his PRRA claim.

xi. Whether or not Plaintiff has sufficiently plead his wrongful discharge, PRRA, defamation, and tortious interference claims.

xii. Whether or not Defendants' statements are protected by a qualified privilege.

xiii. The nature and extent of Plaintiff's damages, if any, and Plaintiff's efforts to mitigate his damages.

2. **Case Plan**.

A. Pending motions. The following two motions are pending before the Court: (i.) Defendants' Motion to Transfer Venue. [Dkt. #13]; (ii.) Defendants' Partial Motion to Dismiss Counts II through V. [Dkt. #16] ("Pending Motions")The motions are noticed for May 31, 2017, and the parties will ask for a briefing schedule.

B. Defendants' response. United has not filed a response to Count I for race discrimination, as it understands that one is not required as noted in its Motion to Dismiss. [Dkt. # 19, n. 1.]

  C. <u>Proposed discovery</u>: The parties have not conducted a Rule 26(f) discovery conference. Defendant proposes that discovery be stayed pending the resolution of its Pending Motions.

  Plaintiff suggests that discovery move forward while the two motions are pending and that the 26(f) conference take place by Wednesday, May 31, and that Rule 26(a)(1)(A) disclosures be made by Friday, June 9.

  Plaintiff anticipates limited third-party discovery at this time.

  Plaintiff currently anticipates taking 2 to 5 fact witness depositions. Plaintiff currently anticipates that 12 months should be sufficient to complete non-expert discovery in this matter. Accordingly, Plaintiff proposes a discovery cutoff of June 10, 2018, for non-expert discovery. Plaintiff anticipates needing expert discovery on the issue of damages.

  D. <u>Plaintiff has made a jury demand</u>.

  E. <u>Trial date</u>. The earliest date the parties would be ready for a trial and the estimated length of trial is not reasonably ascertainable at this early stage of the case, given the Pending Motions.

3. **Settlement.** The parties have not engaged in settlement discussions since the Complaint was filed.

4. **Consent to Proceed Before a Magistrate Judge**. The parties do not unanimously consent to proceed before a magistrate judge.

5. **Whether the parties request a settlement conference**. Plaintiff is willing to meet for a pretrial settlement conference early in this proceeding to take efforts to resolve the dispute prior to the expenditure of substantial amount of time and resources during discovery.

Dated: May 30, 2017

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| CHRISTOPHER N. BELCASTRO | UNITED AIRLINES, INC. |
| By: /s/ Margherita M. Albarello<br>One of His Attorneys | By: /s/ O. Hanna Badmus<br>One of Its Attorneys |
| Jordan Finfer ARDC #6296373<br>Margherita Albarello ARDC # 6187375<br>DiMonte & Lizak<br>216 West Higgins Road<br>Park Ridge, IL 60068<br>847.698.9600 | Jody A. Boquist ARDC# 06209561<br>O. Hanna Badmus ARDC# 6308524<br>LITTLER MENDELSON, P.C.<br>321 North Clark Street<br>Suite 1000<br>Chicago, IL 60654<br>312.372.5520 |

Dated: May 30, 2017