# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. BELCASTRO, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-01682 |
| | ) Judge Andrea R. Wood |
| UNITED AIRLINES, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Belcastro filed the present action against Defendants United Airlines, Inc. and James Simons under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Illinois state law, alleging that Defendants unlawfully discriminated against him on the basis of his race when they forced him to resign from his position as a pilot. During discovery, Belcastro accused Defendants of delaying the process by providing incomplete discovery responses and making meritless objections. Consequently, Belcastro filed a motion to compel, which this Court referred to the Magistrate Judge for decision. The Magistrate Judge ultimately granted Belcastro's motion to compel in part and denied it in part. However, the Magistrate Judge declined to award Belcastro any of the attorney's fees he incurred in bringing his motion to compel. Belcastro now brings the instant objection to the Magistrate Judge's determination that he is not entitled to an award of attorney's fees. (Dkt. No. 108.) For the reasons that follow, Belcastro's objection is overruled.

## BACKGROUND

Belcastro first served the discovery requests underlying this motion on May 18, 2018. Fifteen days after their responses were due, Defendants responded to the requests by making

numerous objections and failed to produce any documents. The parties met and conferred regarding the responses on July 9, 2018. Following the meet and confer, Defendants produced several responsive documents. Two months later, on September 17, 2018, Defendants supplemented their responses to the discovery requests while still maintaining their objections. Consequently, on September 26, 2018, Belcastro sent a letter to Defendants pursuant to Federal Rule of Civil Procedure 37 in an attempt to resolve Defendants' objections. The parties held a second meet and confer to discuss the letter on October 5, 2018. At that meet and confer, Defendants agreed to provide supplemental responses to the discovery requests by October 10, 2018. Yet Defendants provided no supplemental responses by that date.

On October 12, 2018, Belcastro emailed Defendants regarding their failure to timely provide supplemental responses. In that email, Belcastro stated that he would soon be filing a motion to compel if there were not substantial progress in resolving the discovery issues between the parties. After three days with no reply to his email, Belcastro called Defendants to inquire as to the status of the supplemental responses. Defendants did not answer the call or return it. Finally, on Wednesday, October 17, 2018, Defendants replied to Belcastro's email stating that Belcastro would receive their supplemental responses by the end of the week. Nonetheless, on Friday of that same week, Belcastro filed the motion to compel underlying the present proceedings after receiving no supplemental responses or any further communication from Defendants. (Dkt. No. 73.)

Defendants sent Belcastro a letter on November 1, 2018, in which they explained their objections to the requested discovery. Belcastro replied on November 9, 2018 and agreed to narrow the scope of certain requests. Nonetheless, the parties were unable to make substantial progress in resolving their discovery disputes. This Court held a hearing on the motion to compel

on January 24, 2019. During the hearing, the Court instructed Defendants to indicate for each discovery request whether any information had actually been withheld based upon their objections. Defendants complied with the Court's order by sending a letter to Belcastro on February 15, 2019. Over the next week, Defendants also made two supplemental productions of documents.

The parties submitted a joint status report to this Court on February 22, 2019. (Dkt. No. 97.) In that report, they indicated that they had resolved their disagreements over 22 of the disputed requests but that substantial differences remained. Following a February 27, 2019 status hearing, this Court referred the matter to the Magistrate Judge for discovery supervision. Prior to their first hearing before the Magistrate Judge, the parties submitted another joint status report in which they indicated that they had resolved their disputes regarding 13 additional discovery requests, bringing the total number of resolved discovery requests to 35. (Dkt. No. 101.) Nonetheless, disagreements remained regarding 41 discovery requests. Although the parties continued working to resolve those remaining disputes, they indicated in a March 26, 2019 joint status report that they were unable to make any progress. (Dkt. No. 103.) Therefore, the Magistrate Judge proceeded to rule on Belcastro's motion to compel.

The Magistrate Judge granted the motion to compel in part and denied it in part. (Dkt. No. 105.) Of the 41 outstanding requests, the Magistrate Judge ruled in Belcastro's favor on 25 requests and in Defendants' favor for the remaining 16. Yet he declined Belcastro's request under Federal Rule of Civil Procedure 37(a)(5) to award him the attorney's fees he incurred in bringing the motion. While he acknowledged that the decision was close, the Magistrate Judge reasoned that many of Defendants' objections were substantially justified. He pointed to the fact that Defendants prevailed on 16 of the requests and out of the 25 requests upon which Belcastro

prevailed, 13 were decided on a narrow basis. Moreover, the Magistrate Judge stated that Belcastro's own conduct had made resolution of the matter more difficult than necessary, a circumstance that made an award of attorney's fees unjust.

In his motion objecting to the Magistrate Judge's findings, Belcastro does not challenge any of the Magistrate Judge's substantive rulings on the motion to compel. Instead, he solely asks this Court to set aside and modify the Magistrate Judge's denial of attorney's fees.

## DISCUSSION

Before addressing the merits of Belcastro's motion, the Court must determine the proper standard of review. Federal Rule of Civil Procedure 72 governs this Court's review of rulings by magistrate judges. For non-dispositive matters, the district court may only reverse a magistrate judge's order when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On the other hand, when a magistrate judge submits a recommendation on a dispositive motion and a party objects, the district court reviews it *de novo*. Fed. R. Civ. P. 72(b).

Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) . . . ."). Those motions excepted from § 636(b)(1)(A) are deemed dispositive under Rule 72(b). *Id.* The statute specifically enumerates eight exceptions, including motions for judgment on the pleadings, for summary judgment, and to dismiss for failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(A). At the same time "dispositive orders are not strictly limited to those orders that formally resolve the eight matters enumerated in the statute." *Lynchval Sys., Inc. v. Chi. Consulting Actuaries, Inc.*, No. 95 C 1490, 1996 WL 780492,

at *4 (N.D. Ill. Dec. 11, 1996). Rather "[o]rders that have the practical effect of necessarily resolving one of those eight matters . . . are considered dispositive of the merits." *Id.* While dispositive matters may be heard by a magistrate judge, the magistrate judge may only make proposed findings and recommendations that are subject to *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(B), (C).

Here, the parties disagree whether a magistrate judge's determination on an award of attorney's fees incurred in bringing a motion to compel should be considered a dispositive matter. Under Rule 37(a)(5), there is a presumption that the losing party in a ruling on a motion to compel pays the victor's reasonable expenses, including attorney's fees. *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994) ("The great operative principle of Rule 37(a)[(5)] is that the loser pays."). But where, as here, the motion is granted in part and denied in part, a court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The overwhelming majority of courts outside this Circuit have found that the issuance of monetary sanctions under Rule 37 is a non-dispositive matter. *See Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424, 429–430 (N.D. Ill. 2012) (listing cases). However, within this District, it appears that many courts treat Rule 37 sanctions as a dispositive matter and, where imposed by a magistrate judge, subject to *de novo* review. *See, e.g.*, *Toyo Tire & Rubber Co., Ltd. v. Atturo Tire Corp.*, No. 14 C 206, 2017 WL 784990, at *3 (N.D. Ill. Feb. 8, 2017); *Cardenas v. Grozdic*, No. 12 C 292, 2013 WL 4080652, at *3 n.2 (N.D. Ill. Aug. 13, 2013); *Cleversafe*, 287 F.R.D. at 430–31.

The court in *Cleversafe* explained that two Seventh Circuit cases compelled its conclusion that a request for Rule 37(a)(5) sanctions is a dispositive matter. *Cleversafe*, 287 F.R.D. at 427–29. First, in *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994), the Seventh Circuit held that a magistrate judge could only issue a report and recommendation for post-dismissal sanctions under Federal

5

Rule of Civil Procedure 11 because "it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages." *Id.* at 935. Thus, "[t]he power to award sanctions, like the power to award damages, belongs in the hands of the district judge." *Id.* Later, the Seventh Circuit clarified in *Retired Chicago Police Association v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996), that its analysis in *Alpern* "encompassed all sanctions requests, whether pre- or postdismissal." Taking those cases together, the *Cleversafe* court concluded that *Alpern* was not limited to "Rule 11 and/or post-dismissal matters," but rather applied to all sanctions, including those under Rule 37. *Cleversafe*, 287 F.R.D. at 430–31.

Yet the court in *Knapp v. Evgeros, Inc.*, No. 15 C 754, 2016 WL 2755452, at *1–2 (N.D. Ill. May 12, 2016), questioned the rationale underlying *Cleversafe* and instead found that Rule 37(a)(5) sanctions were non-dispositive in nature.[1] The *Knapp* court noted that the *Alpern* and *Retired Chicago Police Association* decisions arose "in contexts quite different from discovery orders. *Alpern* stemmed from a post-dismissal motion for sanctions pursuant to Fed. R. Civ. P. 11, and *Retired Police Members* [sic] involved sanctions under Rule 11 and 28 U.S.C. § 1927." *Id.* at *1. Moreover, the court observed that the Seventh Circuit had previously "distinguished between Rule 11 sanctions and expense-shifting under Rule 37" in *Rickels v. City of South Bend*, 33 F.3d 785 (7th Cir. 1994). *Knapp*, 2016 WL 2755452, at *1. Specifically, in *Rickels*, the Seventh Circuit suggested that a fee-shifting rule like Rule 37(a)(5) "should be treated differently from rules designed to sanction frivolous positions," such as Rule 11. *Rickels*, 33 F.3d at 787.

---

[1] Notably, courts in other Districts within this Circuit appear uniformly to review a magistrate judge's award of reasonable expenses under Rule 72(a)'s standard. *E.g.*, *Hood v. Exact Scis. Labs., LLC*, No. 18-cv-879-jdp, 2019 WL 3974530, at *1 (W.D. Wis. Aug. 22, 2019); *Malibu Media, LLC v. Harrison*, No. 1:12-cv-1117-WTL-MJD, 2015 WL 540410, at *1 (S.D. Ind. Feb. 10, 2015). In those decisions, however, the district court appears to have simply accepted the applicability of Rule 72(a) as a given and did not consider the impact of *Alpern* and *Retired Chicago Police Ass'n*.

While both *Cleversafe* and *Knapp* are well-reasoned, this Court ultimately agrees with the *Knapp* court that Rule 37(a)(5) fee-shifting is a non-dispositive matter. Such a ruling is not inconsistent with Seventh Circuit precedent. Rather, as the *Knapp* court recognized, the Rule 11 and 28 U.S.C. § 1927 sanctions at issue in those cases were "akin to independent claims for inappropriate conduct during litigation," whereas Rule 37(a)(5) fee-shifting "is so linked to the disposition of the discovery motion under the magistrate judge's pretrial discovery management authority that the decision about shifting expenses is part of the process under Rule 37(a)(5)." *Knapp*, 2016 WL 2755452, at *2. Indeed, part of the *Alpern* court's rationale was that "because sanctions under Rule 11 require the payment of money, a request for sanctions should be treated as a separate 'claim.'" *Alpern*, 38 F.3d at 935. By contrast, Rule 37(a)(5) is but a subsection within Rule 37(a), which addresses motions to compel generally. Thus, fee-shifting is part and parcel of the larger motion to compel rather than a separate claim. It is beyond dispute that a motion to compel may be referred to a magistrate judge under § 636(b)(1)(A). *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) . . . ."). It would be highly unusual and inefficient for a magistrate judge to have to bifurcate a motion to compel such that he could issue an order with independent effect on the substantive issues but only a report and recommendation as to fee-shifting. Moreover, the general presumption under Rule 37(a)(5) that the loser pays inextricably links the claim for attorney's fees with the underlying motion to compel, which is incongruous with the notion of a separate and independent claim.[2]

---

[2] The Court acknowledges that the presumption does not apply in this case because the underlying motion to compel was granted in part and denied in part. Nonetheless, the existence of the presumption where there is a clear winner and loser demonstrates that the underlying motion and reasonable expenses award

Having determined that the Magistrate Judge's decision not to award attorney's fees pursuant to Rule 37(a)(5) is a non-dispositive matter, the Court now turns to the merits of Belcastro's objections.

Under Rule 72(a)'s clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. That the district court would have decided the case differently provides an insufficient reason to overturn the decision. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). Rather, under the clear error standard, reversal is appropriate only when the magistrate judge's decision strikes the district court "as wrong with the force of a 5 week old, unrefrigerated, dead fish." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

As discussed above, under Rule 37(a)(5), there is generally a presumption that the loser pays. Where a motion to compel is granted in full, Rule 37(a)(5)(A) provides that the presumption may be rebutted if the nonmoving party shows that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). But where the motion is granted in part and denied in part, the court has more discretion and may apportion reasonable expenses between the parties. *See* Fed. R. Civ. P. 37(a)(5)(C); *Schmalz v. Vill. of North Riverside*, No. 13 C 8012, 2018 WL 4515996, at *2 (N.D. Ill. Apr. 19, 2018). In determining the proper apportionment of expenses, or whether to apportion expenses at all, "the court will look to the relative degree of success of the party seeking fees." *Estate of Wright v. Forgey*, No. 2:13-CV-333-WCL-JEM, 2016 WL 2956699, at *2 (N.D. Ind. May 23, 2016). Moreover, the court may

---

are intertwined. Moreover, the Court does not believe that the dispositive nature of the imposition of Rule 37(a)(5) sanctions depends on whether a victory is partial or complete.

look to Rule 37(a)(5)(A)'s exceptions to guide its decision. *E.g.*, *SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GDB)(HBP), 2015 WL 855796, at *6 (S.D.N.Y. Feb. 27, 2015); *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 7185199, at *3 (E.D. Va. Dec. 16, 2014).

Here, the Magistrate Judge observed that of the 41 discovery requests he had to resolve with his decision on the motion to compel, Belcastro prevailed on 25. Yet of those 25 requests, Belcastro won 13 on a very limited basis. Specifically, five required Defendants to only confirm that their existing responses were accurate, seven required Defendants to supplement their responses only because it was unclear whether they had fully responded, and for one the Court instructed Defendants to respond only after Belcastro clarified his request. The Magistrate Judge further observed that 35 of the discovery requests were resolved without Court action. Thus, overall Belcastro's motion had only a very limited degree of success. In response, Belcastro argues that the Magistrate Judge failed to consider that those 35 discovery requests were resolved by this Court prior to referring the matter to the Magistrate Judge.[3] On this point, Belcastro's objection is well-taken. During the January 24, 2019 motion hearing, this Court instructed Defendants to provide Belcastro with a written statement identifying for each discovery request whether any information was not provided based on Defendants' objections. The Court believes that Defendants easily could have and should have been able to tell Belcastro whether they were withholding information based on their objections without this Court's involvement. Yet, it took this Court's involvement for those discovery requests to be resolved and therefore those 35 requests should be included among Belcastro's successes.

---

[3] Belcastro states that only 33 disputes were resolved prior to the Magistrate Judge's ruling on the motion to compel, but this Court conducted its own count which accords with the Magistrate Judge's count. (*See* Dkt. No. 101.)

9

Still, the Magistrate Judge stated that the fact that only 12 of Belcastro's discovery requests were decided on the clear merits of his arguments suggests that the motion was prematurely filed. This Court agrees. While Belcastro argues that filing the motion to compel when he did was necessary to motivate Defendants to engage actively in the discovery process, the Court believes that Belcastro was too quick to file his motion—at a minimum, it was certainly reasonable for the Magistrate Judge to so conclude. Indeed, although Defendants missed a deadline that the parties set following an October 5, 2018 meet and confer, they later informed Belcastro in an October 17, 2018 email that they expected "to have a full response by the end of the week." (Pl.'s Mot. to Review Magistrate Judge's Findings, Ex. 3, Dkt. No. 108-4.) The end of the business week was Friday, October 19. Yet that is the exact date on which Belcastro filed his motion to compel. Nothing in the record indicates that Belcastro inquired as to the status of Defendants' response prior to filing the motion to compel. Instead, it appears that Belcastro assumed that "end of the week" meant "end of the business week" and decided to file his motion without any further communication with Defendants. Furthermore, as the Magistrate Judge observed, Belcastro did not offer meaningful concessions prior to filing his motion. For example, shortly after filing his motion, Belcastro offered to limit his comparator requests in response to Defendants' objections that he sought information beyond similarly-situated individuals. The Magistrate Judge found Defendants' objections to be legitimate, and this Court agrees. By not offering to narrow those requests before filing his motion to compel, and indeed pressing the overly broad requests in the motion to compel, Belcastro demonstrated his own lack of engagement in the ordinary back-and-forth of discovery.

Even after filing the motion to compel, Belcastro engaged in conduct that was detrimental to narrowing the issues before the Magistrate Judge. For example, the motion to compel raised

arguments concerning deficiencies in Defendants' privilege log and the verification for one of the Interrogatory responses. However, during a hearing on the motion to compel, this Court stated that both the log and the verification were sufficient. Nonetheless, Belcastro did not withdraw those portions of his motion to compel. And when the Magistrate Judge addressed those issues, he found both to be baseless and, with respect to the verification issue, noted that Belcastro provided no authority for his position. Similarly, Belcastro declined to withdraw several discovery requests even though he was unable to articulate why Defendants' responses were inadequate. *See MSTG, Inc. v. AT&T Mobility LLC*, No. 08 C 7411, 2011 WL 221771, at *6 (N.D. Ill. Jan. 20, 2011) ("The burden in a motion to compel rests with the party seeking discovery to explain why the opposing party's responses are inadequate."). The Magistrate Judge denied the motion to compel as to those discovery requests for that reason.

In sum, the Court finds that the Magistrate Judge's decision not to award Belcastro any portion of the attorney's fees he incurred in bringing his motion to compel was not clearly erroneous. Moreover, even if this Court were reviewing the Magistrate Judge's decision *de novo*, it would reach the same decision. Based on its review of the record, the Court finds that both Belcastro and Defendants were intransigent and uncooperative in resolving the discovery disputes here. Thus, the Court concludes that it is fair that both should have to bear their own reasonable expenses.

## CONCLUSION

For the foregoing reasons, Belcastro's motion for review of the Magistrate Judge's findings regarding discovery sanctions (Dkt. No. 108) is denied. Belcastro's objections to the Magistrate Judge's findings regarding discovery sanctions are overruled and the order denying attorney's fees stands.

ENTERED:

Dated: March 15, 2020

Andrea R. Wood
United States District Judge